Douglas P. Catalano
Neil G. Sparber
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

Attorneys for Defendant
New York Institute of Technology

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------x
CAROLYN EUBANK,

    Plaintiff,

-against-                                          08-CV-3436 (CM)

NEW YORK INSTITUTE OF                              **ANSWER TO COMPLAINT**
TECHNOLOGY,

    Defendant.
----------------------------------------x

    Defendant New York Institute of Technology ("NYIT"), by and through its attorneys Fulbright & Jaworski L.L.P., as and for its answer to the complaint, hereby alleges as follows:

    1.   Denies the allegations set forth on page one of the complaint except states they purport to state the nature of the action.

    2.   Denies the allegations set forth in Section I of the complaint except states that they purport to identify the parties in this action, and that plaintiff was employed by NYIT at its Manhattan campus library located at 1855 Broadway, New York, New York 10023.

    3.   Denies the allegations as set forth in Section II (A) of the complaint.

    4.   Denies the allegations as set forth in Section II (B) of the complaint.

5.  Denies the allegations as set forth in Section II (D) of the complaint

6.  Denies the allegations as set forth in paragraph 1 of Section II (E) of the complaint[1] except states that plaintiff began her employment with NYIT on or about March 4, 1974.

7.  Denies the allegations as set forth in paragraph 2 of Section II (E) of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff carries frozen lunches, that she is afraid of cats, and that some morning she found a picture of a black cat on her computer screen.

8.  Denies the allegations as set forth in paragraph 3 of Section II (E) of the complaint.

9.  Denies the allegations as set forth in paragraph 4 of Section II (E) of the complaint except states that in or around August 2004, plaintiff went out on leave due to surgery on her foot and returned to work in or around October 2004, and further states that according to NYIT's established procedures, library assistants, of which plaintiff was one, were directed and expected to sit at non-personally assigned chairs at the main circulation counter so as to be fully accessible to the students, and that upon plaintiff's return from medical leave, she was reminded of this policy.

10. Denies the allegations as set forth in paragraph 5 of Section II (E) of the complaint.

11. Denies the allegations as set forth in paragraph 6 of Section II (E) of the complaint except states that on various occasions, Ms. Ferretti and Ms. Tsao counseled plaintiff concerning her job performance and any performance-related memoranda that were issued to plaintiff were based on plaintiff's deficient job performance.

12. Denies the allegations as set forth in paragraph 7 of Section II (E) of the complaint.

---

[1] The allegations contained in Section II (E) are not enumerated or otherwise identifiable. Accordingly, defendant has numbered sections of the claim to which it will respond to accordingly, and has attached a copy of the complaint with the numbered markings as Exhibit A. Each numbered marking is a "paragraph" to which the answer is directed.

13. Denies the allegations as set forth in paragraph 8 of Section II (E) of the complaint except states that plaintiff's employment was terminated on January 25, 2008, that plaintiff was asked to leave NYIT's premises after her termination, and that plaintiff's medical and life insurance benefits ceased upon plaintiff's termination pursuant to the respective insurance plans.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 9 of Section II (E) of the complaint.

15. Denies the allegations as set forth in paragraph 10 of Section II (E) of the complaint.

16. Denies the allegations as set forth in paragraph 11 of Section II (E) of the complaint except states that Lucille Duncan, Christopher Bell and Lymon Smith are African-American and were formerly employed by NYIT.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in Section III of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. The complaint is barred because plaintiff has failed to exhaust her administrative remedies since her claims of discrimination based on the termination of her employment and retaliation were not filed with the appropriate federal or state agency.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The complaint is barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. NYIT's actions and decisions with respect to plaintiff were taken for legitimate, non-discriminatory business reasons.

WHEREFORE, defendants demand judgment dismissing the complaint with prejudice, together with the costs and disbursements of this action, and awarding such other and further relief as this Court deems just and proper.

Dated: July 9, 2008
New York, New York

> Respectfully submitted,
>
> By: _/s/ Neil G. Sparber_
> Douglas P. Catalano
> Neil G. Sparber
> 666 Fifth Avenue
> New York, New York 10103
> Telephone: (212) 318-3360
> dcatalano@fulbright.com
> nsparber@fulbright.com
>
> Attorneys for Defendant New York Institute of Technology

EXHIBIT A

(Rev. 2/5/98) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

Carolyn Eubank

V.

New York Instute of Technology

SUMMONS IN A CIVIL CASE

CASE NUMBER:

08 CV 3436

JUDGE McMAHON

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
*Pro Se* Carolyn Eubank
17 East 88th Street, #1R
Brooklyn, New York 11236

An answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    APR 0 8 2008
CLERK                                                  DATE

_Catherine Topolley_
(BY) DEPUTY CLERK

(Rev. 2/2008) Summons in a Civil Action

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date |
| NAME OF SERVER (PRINT) | Title |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐  Served personally upon the defendant. Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify) _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
              Date                    Signature of Server

                                      _____
                                      Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**JUDGE McMAHON**   08 CV 3436

**I.F.P. GRANTED.**

UNITED STATES DISTRICT COURT
Leave to proceed in this Court
SOUTHERN DISTRICT OF NEW YORK
without payment of fees is
authorized. 28 U.S.C. S 1915.

Carolyn Eubank

So Ordered;

APR 0 3 2008

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

(Date)                                                           Civ. ___ ( )( )

-against-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

New York Technology

Kimba M. Wood
Chief Judge

REQUEST TO PROCEED
IN FORMA PAUPERIS

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)


I, Carolyn Eubank, (print or type your name) am the plaintiff/petitioner in the above entitled case and I hereby request to proceed *in forma pauperis* and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to redress.

1. If you are presently employed:
    a) give the name and address of your employer
    b) state the amount of your earnings per month

    Not working

2. If you are NOT PRESENTLY EMPLOYED:
    a) state the date of start and termination of your last employment
    b) state your earnings per month
    YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.

    4/25/2008   $1916 Per Month

3. Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.

    None

    a) Are you receiving any public benefits?   ☒ No.   ☐ Yes, $
    b) Do you receive any income from any other source?   ☒ No.

RECEIVED MAR X 6 2008 PRO SE OFFICE

*Rev. 05/2007*                                           *1*

4. Do you have any money, including any money in a checking or savings account? If so, how much?

   ☒ No.    ☐ Yes, $_____.

5. Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

   ☒ No.    ☐ Yes, $_____.

6. Do you pay for rent or for a mortgage? If so, how much each month?

   ☐ No.    ☒ Yes, $752.18

7. List the person(s) that you pay money to support and the amount you pay each month.

   _____
   _____

8. State any special financial circumstances which the Court should consider.

   I suffered with Arthritis, High blood Pressure I cannot afford to visit the doctors or to buy Medications. My sister is helping me with my rent.

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  5  day of  March , 2008
            date           month      year

            Carolyn Eubank
            Signature

Rev. 05/2007                         2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3436

Carolyn Eubank

_____

(In the space above enter the full name(s) of the plaintiff(s).)

-against-

New York Institute of Technology

(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant. Addresses should not be included here.)

COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION

Jury Trial: ☑ Yes ☐ No
(check one)

This action is brought for discrimination in employment pursuant to: (check only those that apply)

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.

☑ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

☑ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

Rev. 05/2007                                     1

I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff ✓   Name **Carolyn Eubank**
Street Address **178 88 Street #1R**
County, City **Brooklyn**
State & Zip Code **New York 11236**
Telephone Number **1-718-346-0633**

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant   Name **New York Institute of Technology**
Street Address **Northern Boulevard**
County, City **Old Westbury**
State & Zip Code **New York 11568-8000**
Telephone Number **516-686-7667**

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer **Elizabeth Ferretti & Jennifer Tsao**
Street Address **1855 Broadway**
County, City **New York**
State & Zip Code **NY 10023**
Telephone Number **212-261-1526**

II. Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

____ Failure to hire me.

✓ Termination of my employment.

____ Failure to promote me.

____ Failure to accommodate my disability.

____ Unequal terms and conditions of my employment.

      __✓__      Retaliation.

      _____      Other acts *(specify):* _____

Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: __1996__.
                                                                                            *Date(s)*

C. I believe that defendant(s) *(check one):*

      _____    is still committing these acts against me.

      _____    is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain):*

    [✓] race __Black__        [✓] color __Black__

    [ ] gender/sex _____      [ ] religion _____

    [✓] national origin __Jamaican__

    [✓] age. My date of birth is __3-2-1944__ (Give your date of birth only if you are asserting a claim of age discrimination.)

    [ ] disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary):*

(1) I am 63 years old I was employed at N.Y.I.T Library since March of 1974! For the past 11 years I have subjected to many uncomfortable situations by my supervisors Ms Elizabeth Ferlitti and her Assistant Ms Jennifer Tsao. My Supervisors made it emphatically clear I am too old I should retire or find another Job. When they

Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: __Nov. 20, 2006_____
                                                                                                                   *(Date).*

(2.) When they are speaking to me they speak very disrespectful to me they always shouts at me in front of students. If I tried to ask any questions about the job I was told that I am a problem in the library and they don't want to hear from me. Once I was told by ms.
Ferretti not to come into the office and talk because, when I am talking she cannot concentrate on the computer, but when another co-worker went into the office both she and ms Ferretti speak very loudly. November 2007, ms Ferretti told me that my lunch smell stink. January 10, 2008 ms Tsao told me that my lunch smell like dead mice, since that time until I left the library I have been carrying frozen box lunches. I am afraid of cats and some mornings when I went to work I found the picture of a black cat on my computer scream.

(3.) There are two different rules in the library, one for older clerks like me, and other for younger folks and white people, because when they come they don't have to work all that they do is sit and read and the supervisors pass and closed their eyes and this what I know went on in the library. On August 2, 2004 the vain on my right foot burst. I had to go through surgery. When I went back to work on October 12, 2004 my desk were removed by ms Ferretti and ms. Tsao and were taken away all of my belongings were packed into plastics bags and boxes and some were thrown into the garbage. The bags and boxes were taken to another floor in the building. I asked about my desk I was told by ms. Fired and ms. Tsao that I don't need a desk to sit at even though I was coming back from having a foot surgery. I could not climb the stairs to get my belongings although I need to change my shoes to a comfortable one. Mr. Sebastian Merion one of the librarian had to bring some of my belongings to me. But not until a part time librarian intervene and said I am the oldest one in the library and I just got surgery on my foot and I should have some where to sit, this is when my supervisor ms. Fired gave me a little desk into a corner to sit on,

(5.) February 23, 2006 ms. Tsao embarrass me in front of an employee that had just hired by telling me that her work is more appreciated than mine and she can do a better job than me, I am the one that trained all of the new workers for the job. Ms. Fired is very disrespectful to me she treats me like her foot stool, I cannot said anything to her, if I am talking her about anything she will walked away from me she was very resentful of me. To her I was like her worst enemies. On March 6, 2006 at 4:30 p.m ms. Ferretti myself and the new employee Josephine were at the circulation desk attending to students, she returned and said to me that she likes Josephine better than me. March 9, 2006 at 9:20 a.m I asked ms. Ferretti a question she shouts at me infront of the students of the students, she disrespect me



many times in front of students. On June 22, 2006 ms. Ferretti shouts at me in front of the circulation desk she told me to find another job and get one soon because, she is tired of me in the library and I should get out. On September 28, 2006 at 1:p:m ms. Ferretti an Ms. Tsao were shouting at me in the office on top of their voices because, I did not found one book on the shelves, ms. Ferretti told me I cannot do the job and I am not needed into the library she need someone that can do the work. I have one of her memo on this incident for proof. When I tried to explained to her she said that she will write me up to human resources, each time she keeps YELLED AT ME SAYING THAT SHE IS THE BOSS. In 2004 two young white library assistant that sat there for five years and never have to work all the do was e-mails all day long ms. Ferretti and ms. Tsao never asked them to do any work until they left, also one part time had left. I had to do all the work I could not even attend my class some evenings I had to work late and did not compensate for my time.

For instant:
Sept. 7 9-8 10 hrs.
Sept 12 9-7 9 hrs
Sept. 14 9-6 8 hrs
When I asked my supervisor for the extra 6 hours she told me that she do not want to hear from me I am a trouble maker and she is tired of me. On 01/25/2008 at 9:45 a.m. I was called to the office by ms. Ferretti Mr. Richard Savior where there with her. I was told that I am fired and I should clean out my desk and leave the building immediately. All of my medical insurances and life insurance were immediately suspended. I was in a shock I could believe what hade taken place after I have worked with this company for 34 years. I had to visit my doctor twice in one week my blood pressure went sky high. My doctor said I al most had a stroke he had to double my medications. All of this was because I have reported the company to EEOC.

There were three other past employees that went through the same Racial Discrimination in the library. They are Mrs Lucille Duncan, Mr. Christopher Bell and Mr. Lymon Smith they were all African Americans as myself and they were forced out of their job.

Thank you,

Carolyn Eubank

B.     The Equal Employment Opportunity Commission *(check one)*:

    _____  has not issued a Notice of Right to Sue letter.

    \_\_✓\_\_\_\_  issued a Notice of Right to Sue letter, which I received on \_\_1/30/08\_\_ *(Date)*.

    *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    \_\_✓\_\_\_  60 days or more have elapsed.

    _____  less than 60 days have elapsed.

## IV. Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: Cannot Afford To pay Medical bills, Rent, No life Insurance (Priscription drugs) Cannot visit Doctors Medical Prob. High Blood Pressure, Arthrists

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5 day of March, 2008

    Signature of Plaintiff    Carolyn Eubank

    Address    17 E. 88 Street #1R

    Brooklyn N.Y. 11236

    Telephone Number    718-346-0633

    Fax Number *(if you have one)*