Jared Lefkowitz, Esq. (JL 6920)
48 Wall Street, 11th Floor
New York, NY 10005
Tel (917) 887-3920
Fax (917) 591-8991
Email: JaredLefkowitz@yahoo.com
*Attorney for Plaintiff Carolyn Eubank*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CAROLYN EUBANK,                                   Case No.  08 cv 3436 (CM)(KNF)

       Plaintiff,

  - against -

                                         **AMENDED COMPLAINT**

NEW YORK INSTITUTE
OF TECHNOLOGY,
                                         **JURY TRIAL DEMANDED**

       Defendant.
-----------------------------------------------------X

      Plaintiff Carolyn Eubank, by and through her counsel Jared Lefkowitz, as and for her Complaint against the above named Defendant alleges as follows:

      1.  This is an action under Title VII of the Civil Rights Act of 1964, 42 USC §2000e *et seq.*, 42 USC §1981, and the Age Discrimination in Employment Act of 1967, 29 USC §621 *et seq*, to recover for employment discrimination, retaliation, and hostile work environment based upon plaintiff's age, race, color, and national origin.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Carolyn Eubank is a "protected class" in that she is black, of Jamaican descent, and was born on March 2, 1944.

3. Plaintiff resides at 17 East 88th Street, Apt. 1R, New York, NY 11236.

4. Defendant New York Institute of Technology is upon information and belief a corporation authorized to do business in the State of New York, with a principal place of business at 1855 Broadway, New York, NY 10023.

5. This Court has subject mater jurisdiction based upon Title VII of the Civil Rights Act of 1964, 42 USC §2000e *et seq.*, 42 USC §1981, and the Age Discrimination in Employment Act of 1967, 29 USC §621 *et seq*.

6. Plaintiff received a right to sue letter from the EEOC in or about February 2008, and this action was timely commenced on March 6, 2008.

## FACTS APPLICABLE TO ALL COUNTS

7. Plaintiff worked for defendant as a Library Assistant for approximately 34 years, from March 1974 through her discriminatory termination on January 25, 2008.

8. During that time, plaintiff always had satisfactory attendance and performance.

9. Beginning in approximately 1999 when Elizabeth Ferretti (who is White) became plaintiff's supervisor, plaintiff was subjected to daily and constant disparate treatment and hostility due to plaintiff's age, race, color, and national origin.

10. There were daily comments by Ms. Ferretti that plaintiff should retire because she is too old.

11. Ms. Ferretti treated the white employees differently than she treated plaintiff. For example, the white employees were permitted to sit around and perform no work, while plaintiff's every move was scrutinized by Ms. Ferretti.

12. Ms. Feretti submitted false performance evaluations and memos regarding plaintiff's alleged poor performance to the human resources department.

13. Ms. Ferretti, and her assistant Jennifer Isao, would everyday demean plaintiff's Jamaican descent and the Jamaican food which plaintiff brought from home for her lunch.

14. Ms. Ferretti and Ms. Isao were constantly disrespectful to plaintiff in an effort to make plaintiff's working environment so hostile that plaintiff would resign voluntarily. On one occasion, following plaintiff's return to work following surgery on her foot, plaintiff found that her desk had been removed, some of her personal belongings had been discarded, and other of plaintiff's belongings had been boxed up and stored on another floor in the building.

15. Plaintiff complained and reported this conduct to the human resources department, but nothing was done.

16. In or about November 2006, plaintiff filed a complaint with the New York State Division of Human Rights.

17. Instead of rectifying the situation for an employee that had been working there at that time for more than 32 years, defendant retaliated against plaintiff and further discriminated against her by terminating her employment.

18. Defendants willfully, knowingly, and intentionally discriminated against plaintiff, created a hostile work environment, and retaliated against her in terms of her conditions of employment, promotion, and wages due to her age, race, color, and national origin.

## FIRST COUNT

19. For the reasons alleged above, defendants discriminated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e *et seq*, and 42 USC §1981.

20. Plaintiff seeks damages for her lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## SECOND COUNT

21. For the reasons alleged above, defendants discriminated against plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 *et seq*.

22. Plaintiff seeks damages for her lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## THIRD COUNT

23. For the reasons alleged above, defendants retaliated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e *et seq*, and 42 USC §1981.

24. Plaintiff seeks damages for her lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## FOURTH COUNT

25. For the reasons alleged above, defendants retaliated against plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 *et seq*.

26. Plaintiff seeks damages for her lost earnings, future earnings, raises,

bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

### FIFTH COUNT

27. For the reasons alleged above, defendants created and tolerated a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e *et seq*, and 42 USC §1981.

28. Plaintiff seeks damages for her lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

### SIXTH COUNT

29. For the reasons alleged above, defendants created and tolerated a hostile work environment in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 *et seq*.

30. Plaintiff seeks damages for her lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

### SEVENTH COUNT

31. For the reasons alleged above, plaintiff has suffered damages for emotional distress in an amount to be determined at trial.

**WHEREFORE**, plaintiff demands judgment as follows:

A.  On the first count, damages for lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

B.  On the second count, damages for lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

C.  On the third count, damages for lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

D.  On the fourth count, damages for lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

E.  On the fifth count, damages for lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive

        damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

F.    On the sixth count, damages for lost earnings, future earnings, raises, bonuses, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

G.    On the seventh count, damages in an amount to be determined at trial; and

H.    Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
July 31, 2008

_____/S/_____
Jared Lefkowitz, Esq. (JL 6920)
48 Wall Street, 11th Floor
New York, NY 10005
Tel (917) 887-3920
Fax (917) 591-8991
Email: JaredLefkowitz@yahoo.com
*Attorney for Plaintiff*