Douglas P. Catalano
Neil G. Sparber
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

Attorneys for Defendant
New York Institute of Technology

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | | |
|---|---|---|
| CAROLYN EUBANK, | : | |
| Plaintiff, | : | Index No. 08-CV-3436 (CM) |
| -against- | : | **ANSWER TO**<br>**AMENDED COMPLAINT** |
| NEW YORK INSTITUTE OF<br>TECHNOLOGY, | : | |
| Defendant. | : | |

---------------------------------------------------------------X

Defendant New York Institute of Technology ("NYIT"), by and through its attorneys Fulbright & Jaworski L.L.P., as and for its answer to the amended complaint, hereby alleges as follows:

1.  Denies the allegations set forth in paragraph 1 of the amended complaint except states that the allegations purport to state the nature of the action.

### PARTIES, JURISDICTION, AND VENUE

2.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the amended complaint.

3.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the amended complaint.

4.  Admits the allegations set forth in paragraph 4 of the amended complaint.

5.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the amended complaint, except states that the allegations purport to allege the basis of jurisdiction in the Southern District of New York.

6.  Denies the allegations set forth in paragraph 6 of the amended complaint except states that the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights on January 28, 2008, to which this Court is respectfully referred, and that plaintiff filed a complaint with this Court on March 6, 2008.

## FACTS APPLICABLE TO ALL COUNTS

7.  Denies the allegations set forth in paragraph 7 of the amended complaint except states that plaintiff was hired by NYIT on or about March 4, 1974, that plaintiff worked in the library of NYIT, and that her employment was terminated on or about January 25, 2008.

8.  Denies the allegations set forth in paragraph 8 of the amended complaint.

9.  Denies the allegations set forth in paragraph 9 of the amended complaint.

10. Denies the allegations set forth in paragraph 10 of the amended complaint.

11. Denies the allegations set forth in paragraph 11 of the amended complaint.

12. Denies the allegations set forth in paragraph 12 of the amended complaint except states that memos, letters, electronic mail, and Professional Development Program forms issued by Elizabete Ferretti and regarding plaintiff's job performance are included within plaintiff's personnel file.

13. Denies the allegations set forth in paragraph 13 of the amended complaint.

14. Denies the allegations set forth in paragraph 14 of the amended complaint.

15. Denies the allegations set forth in paragraph 15 of the amended complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the amended complaint.

17. Denies the allegations set forth in paragraph 17 of the amended complaint.

18. Denies the allegations set forth in paragraph 18 of the amended complaint.

### ANSWERING THE FIRST COUNT

19. Denies the allegations set forth in paragraph 19 of the amended complaint.

20. Denies the allegations set forth in paragraph 20 of the amended complaint except states that the allegations purport to state the damages sought by plaintiff.

### ANSWERING THE SECOND COUNT

21. Denies the allegations set forth in paragraph 21 of the amended complaint.

22. Denies the allegations set forth in paragraph 22 of the amended complaint except states that the allegations purport to state the damages sought by plaintiff.

### ANSWERING THE THIRD COUNT

23. Denies the allegations set forth in paragraph 23 of the amended complaint.

24. Denies the allegations set forth in paragraph 24 of the amended complaint except states that the allegations purport to state the damages sought by plaintiff.

### ANSWERING THE FOURTH COUNT

25. Denies the allegations set forth in paragraph 25 of the amended complaint.

26. Denies the allegations set forth in paragraph 26 of the amended complaint except states that the allegations purport to state the damages sought by plaintiff.

### ANSWERING THE FIFTH COUNT

27. Denies the allegations set forth in paragraph 27 of the amended complaint.

28. Denies the allegations set forth in paragraph 28 of the amended complaint except states that the allegations purport to state the damages sought by plaintiff.

### ANSWERING THE SIXTH COUNT

29. Denies the allegations set forth in paragraph 29 of the amended complaint.

30. Denies the allegations set forth in paragraph 30 of the amended complaint except states that the allegations purport to state the damages sought by plaintiff.

### ANSWERING THE SEVENTH COUNT

31. Denies the allegations set forth in paragraph 31 of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. The amended complaint is barred because plaintiff failed to exhaust her administrative remedies since her claims of discrimination based on the termination of her employment and retaliation were not filed with the appropriate federal or state agency.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. The amended complaint is barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. NYIT's actions and decisions with respect to plaintiff were taken for legitimate, non-discriminatory business reasons.

WHEREFORE, defendant demands judgment dismissing the amended complaint with prejudice, together with the costs and disbursements of this action, and awarding such other and further relief as this Court deems just and proper.

Dated: August 11, 2008
       New York, New York

Respectfully submitted,

By: _____
    Douglas P. Catalano (DC-7719)
    Neil G. Sparber (NS-9165)
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

*Attorneys for Defendant New York Institute of Technology*